**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EMILY CARGILL &
ALISON FRANCISCUS,

Plaintiffs,

v.

Case No. 3:26-cv-1986-JEP-PDB

MICHAEL BRICKER in his official capacity as Chief of Jacksonville Division of Animal Care & Protective Services & CITY OF JACKSONVILLE,

Defendants.
______________________________________/

**DEFENDANTS' OPPOSED PARTIAL MOTION TO DISMISS**

Defendant, Michael Bricker, in his official capacity as Chief of Jacksonville Division of Animal Care & Protective Services,[1] along with the City of Jacksonville, move to dismiss Counts III and IV of Plaintiff Alison Franciscus's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See generally* Doc. 1 (Complaint). The Court lacks subject matter jurisdiction over Counts III and IV and therefore should dismiss those claims.

---

[1] "Official-capacity suits . . . generally represent . . . another way of pleading an action against an entity of which an officer is an agent. . . . [A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (internal quotations and citations omitted); *see also Rodenmaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1328 (11th Cir. 2024). For this reason, this Motion will collectively refer to the Defendants as "the City."

In Count III, Franciscus seeks specific performance and enforcement of a settlement agreement between herself and the City from a prior lawsuit. *Id.* at ¶84 (citing *Franciscus v. City of Jacksonville*, 3:24-cv-212-HES-PBD). In Count IV, she seeks declaratory and injunctive relief against the City for alleged violations of Florida's public records laws related to her efforts to determine whether the City was complying the settlement agreement. *Id.* at ¶¶145-66. For both these state-based claims, Franciscus invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See id.* at ¶2.

In Counts I and II, plaintiff Emily Cargill, along with Franciscus, raise First Amendment claims against the City. *See id.* at ¶¶123-36. They allege Bricker blocked them from various social media platforms run by the City or from platforms otherwise serving as public fora. These First Amendment claims, however, are unrelated to the settlement agreement and public records claims of Counts III and IV. As such, the state-based claims in Counts III and IV do not arise out of the same transaction or occurrence as Counts I and II. Accordingly, this Court lacks subject matter jurisdiction over Counts III and IV and the City respectfully requests that they be dismissed.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

Rule 12(b)(1) subject matter jurisdiction challenges come in two forms: "facial" and "factual" attacks. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1528–

29 (11th Cir.1990). As relevant here, "[f]acial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). A "court assessing a facial attack on jurisdiction is to assume the allegations in the complaint are true and not look outside the pleadings and attached exhibits." *Schmidt v. Multimedia Holdings Corp.*, 361 F. Supp. 2d 1346, 1348 (M.D. Fla. 2004), *abrogated on other grounds by Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209 (11th Cir. 2005). Under this rubric, a facial reading of the Complaint demonstrates the Court lacks jurisdiction over Counts III and IV and consequently warrants dismissal of the same.

## II. SUMMARY OF ALLEGATIONS

Counts III and IV of the Complaint relate to a previous lawsuit Franciscus settled with the City and her efforts to learn whether the City was complying with the settlement terms.

Franciscus volunteered with the City's animal shelter (ACPS) but allegedly was banned from service after speaking out against conditions she observed at the shelter. Complaint at ¶¶66-68, 84. After she sued the City the parties eventually entered into a settlement agreement. *Id.* at ¶84. The agreement included terms that the City would advertise on the ACPS website that rescue organizations could request to receive information regarding

animals at risk of euthanasia and that ACPS would send weekly emails to those organizations regarding the at-risk animals. *Id.* at ¶87. The settlement agreement indicated it was governed by Florida law and did not include language stating the court retained jurisdiction over the matter should Fransiscus seek to enforce its terms. *See* Doc. 1-1 (Settlement Agreement). Likewise, when the court dismissed the lawsuit, it did not retain jurisdiction to enforce the settlement. *See generally Franciscus v. City of Jacksonville*, 3:24-cv-212-HES-PBD, Docs. 42, 44, 45.[2]

Following settlement, Franciscus questioned whether the City was complying with the agreement's terms. For this reason, she and her attorney, Marcy I. LaHart, submitted public records requests to the City to determine if ACPS was sending out the weekly emails. *Id.* at ¶¶89-92, 102-03, 107-20, 150-51. Based on the records she received, Franciscus concluded the emails were not being sent. *Id.* at ¶96, 103, 106, 116-17, 120-21, 141. Franciscus also concluded the City was violating portions of Florida's public records laws based on how it responded to her requests. *Id.* at ¶¶107-22, 146-66. Therefore, she

[2] The court may take judicial notice of filings from the *Franciscus v. City of Jacksonville* matter. Generally, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The Eleventh Circuit has further ruled that a court may take judicial notice of publicly filed documents when considering a motion to dismiss. *See Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015); *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1077 n.9 (11th Cir. 2013).

brought a claim in the present lawsuit seeking specific performance along with enforcement of the settlement agreement. *Id.* at ¶¶137-44. She also sought declaratory and injunctive relief for violation of Florida's public records laws, *id.* at ¶¶145-66, invoking 28 U.S.C. § 1367 as the basis of the Court's jurisdiction over these two state-law claims. *Id.* at ¶2.

In this same lawsuit, Franciscus and Cargill allege they were blocked from commenting on or viewing City related social media sites associated with ACPS. Hence they have also sued the City for violating their First Amendment rights. *Id.* at ¶¶19-24, 47-62, 69, 72-83, 123-36. The alleged instances of social media blocking, however, are unrelated to Franciscus's earlier lawsuit against the City. *Id.* at ¶¶69, 79.

## III. ANALYSIS

It is well established that

> [f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). *See also Casa Express Corp as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, 158 F.4th 1176, 1184 (11th Cir. 2025). Where, as here, a court is presented with federal and state-law claims, "the district courts shall have supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction *that they form part of the same case or controversy* under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). Section 1367 "confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim. A federal court's power or jurisdiction to entertain supplemental state claims is ordinarily determined on the pleadings." *Lucero v. Trosch*, 121 F.3d 591, 597–98 (11th Cir. 1997) (internal citations and quotations omitted).

The Supreme Court has also directed that following settlement and dismissal of an action, the trial court does not retain jurisdiction unless it embodied the settlement contract into its dismissal order or the parties specifically agreed that the court retain jurisdiction. *Kokkonen*, 511 U.S. at 381–82. "Absent such action . . . enforcement of the settlement agreement is for state courts . . . ." *Id.* at 382. *See also Casa Express Corp as Tr. of Casa Express Tr.*, 158 F.4th at 1184; *Law Solutions of Chicago LLC v. Corbett*, 971 F.3d 1299, 1317 (11th Cir. 2020); *Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003); *De Varona v. Disc. Auto Parts, LLC*, 935 F. Supp. 2d 1335, 1341 (S.D. Fla. 2013). Indeed, "where a federal court has jurisdiction over a case, and a final judgment is entered in that case, the court's jurisdiction to act is over." *Casa Express Corp as Tr. of Casa Express Tr.*, 158 F.4th at 1184. *See also Anago Franchising, Inc. v. Shaz,*

*LLC*, 677 F.3d 1272, 1279–80 (11th Cir. 2012) ("A district court loses all power over determinations of the merits of a case when it is voluntarily dismissed."). Consequently, "a party's failure to comply with the terms of a settlement agreement will generally present a state breach of contract action, 'unless there is some independent basis for federal jurisdiction.'" *Law Solutions of Chicago LLC*, 971 F.3d at 1317 (citing *Kokkonen,* 511 U.S. at 382). Whether pursuant to 28 U.S.C. § 1367, or the Supreme Court's ruling in *Kokkonen*, this Court does not have jurisdiction over Counts III and IV.

As it relates to Count III, the settlement agreement between Franciscus and the City directed it was governed by the laws of the State of Florida but was otherwise silent regarding the trial court retaining jurisdiction to oversee fulfillment of the agreement's terms. *See* Settlement Agreement. Likewise, when the district court ultimately dismissed the matter, it did not incorporate the settlement terms into its Order, nor did it suggest it was retaining jurisdiction over the same. *See generally Franciscus v. City of Jacksonville*, 3:24-cv-212-HES-PBD, Doc.42, 44, 45.[3] As a result, when the district court dismissed the earlier lawsuit, it ceased having jurisdiction over that matter. *See Casa Express Corp as Tr. of Casa Express Tr.*, 158 F.4th at 1184; *Anago Franchising, Inc.*, 677 F.3d at 1279–80. *See also e.g.*, *Upper Chattahoochee*

[3] As referenced *supra*, *see* note 2, this Court may take judicial notice of court records from the *Franciscus v. City of Jacksonville* litigation.

*Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 672 (11th Cir. 2012) (court retained jurisdiction to enforce consent decree where decree specifically stated the district court "shall retain jurisdiction of this matter for the purposes of implementing and enforcing the terms and conditions" of the decree,); *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320-21 (11th Cir. 2002) (jurisdiction retained where "the district court, in the order of dismissal, not only specifically approved, adopted and ratified the parties' settlement, but also expressly retained jurisdiction to enforce its terms") *compare with In re T2 Med., Inc.*, 130 F.3d 990, 995 (11th Cir. 1997) (district court did "not retain jurisdiction . . . over a party's attempted modification of the settlement. Accordingly, the court had no authority to exercise ancillary jurisdiction . . . ."); *De Varona*, 935 F. Supp. 2d at 1338 (no jurisdiction to supervise terms of the settlement agreement where neither the court reserved jurisdiction, nor the parties requested for such). For these reasons, this Court cannot exercise jurisdiction over Count III.

The Court also cannot exercise supplemental jurisdiction over the settlement agreement or public records law claims. *See generally* 28 U.S.C. § 1367. As to the settlement agreement,

> [a]ny contractual dispute over the mechanics of enforcement of the settlement are . . . governed by state law. That dispute gives rise to no claims arising under federal law. And a state law breach of contract claim that is required to enforce the settlement must be filed in state court absent an independent basis for federal subject

matter jurisdiction. None exists here . . . .

*De Varona*, 935 F. Supp. 2d at 1341. Likewise, in Count IV, Franciscus claims the City violated Florida statute § 119.07(4)(d) by unlawfully charging a "system resource charge" for each conducted email search. *Id.* at ¶¶153, 159-62. She also intimates the City failed to make a good faith effort to search for records responsive to her various requests, and instead, shifted the burden to her to "clairvoyantly predict the 'search terms' that will identify the requested records." *Id.* at ¶¶151-52, 163.

While Counts III and IV are linked, neither individually creates a basis for the Court's jurisdiction. Nor does the Complaint connect those state-based claims to Franciscus's First Amendment claims in Counts I and II. Contrary therefore, to section 1367, Franciscus has not alleged that Counts III and IV are so related to her First Amendment claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Accordingly, this Court lacks subject matter jurisdiction to address Counts III and IV and hence should dismiss both.

## IV. CONCLUSION

Franciscus's Complaint does not establish a basis for this Court to exercise jurisdiction over Counts III and IV of the Complaint. Therefore, the City respectfully requests the Court dismiss Counts III and IV for lack of subject matter jurisdiction.

Respectfully submitted,
November 4, 2026,

*/s/Mary Margaret Giannini*
**MARY MARGARET GIANNINI**
**(lead counsel)**
**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**
Assistant General Counsel
Florida Bar No.: 1005572
**CHRISTOPHER M. GARRETT,**
Deputy General Counsel
Florida Bar No. 798541
MGiannini@coj.net; cgarrett@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-255-5100; 904-255-5120 (fax)
Attorneys for Defendant City

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), counsel for the Defendants conferred with opposing counsel via e-mail on October 29, 2026, who opposes the relief sought herein.

*/s/Mary Margaret Giannini*
Mary Margaret Giannini
Attorney for Defendant